IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAVERICK RECORDING COMPANY, et al.,

    Plaintiffs,                            2:05-cv-1672-GEB-KJM

    vs.

ROBIN RODRIGUEZ,

    Defendant.                          ORDER

_____/

        Plaintiffs move for default judgment. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 72-302(c)(21).

        On October 27, 2006, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within ten days. No objections to the findings and recommendations have been filed.

        The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. The pertinent portion of those findings and recommendations which are adopted in full, are restated below:

1

1  Plaintiff's motion for default judgment came on regularly for hearing October 25,
2  2006. Thomas Kerr appeared for plaintiff. No appearance was made for defendant. Upon
3  review of the documents in support, no opposition having been filed, and good cause appearing
4  therefor, THE COURT FINDS AS FOLLOWS:

5  The complaint in this matter was served upon defendant and proof of service was
6  filed August 30, 2005. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325,
7  1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The
8  Clerk of the Court entered default against defendant on November 1, 2005. Plaintiff's present
9  motion for entry of default judgment was served by mail on defendant at defendant's last known
10 address.

11 Entry of default effects an admission of all well-pleaded allegations of the
12 complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.
13 1977). Entry of default judgment is proper where, as in the present case, the facts established by
14 the default support the causes of action pled in the complaint. The complaint and the affidavits
15 filed in support of the motion for entry of default judgment also support the finding that plaintiff
16 is entitled to the relief requested in the prayer for default judgment, which does not differ in kind
17 from the relief requested in the counterclaim complaint. Henry v. Sneiders, 490 F.2d 315, 317 &
18 n.2 (9th Cir. 1974). There are no policy considerations to preclude the entry of default judgment
19 of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)
20 (enumerating factors to be considered).

21 The Magistrate Judge also "approved as to form and substance" Plaintiffs'
22 proposed default judgment filed on August 29, 2006 (docket no. 41, attachment no. 6).
23 Plaintiffs' proposed Default Judgment has been considered, and the default judgment follows:

24  1. Plaintiffs seek the minimum statutory damages of $750 per infringed work, as
25 authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the eleven (11) sound
26 recordings listed in Exhibit A to Plaintiffs' Complaint. Accordingly, having adjudged to be in

1  default, Defendant Robin Rodriguez ("Defendant") shall pay damages to Plaintiffs for
2  infringement of Plaintiffs' copyrights in the sound recordings listed in attached Exhibit A, in the
3  total principal sum of Eight Thousand Two Hundred Fifty Dollars ($8,250.00).
4    2. Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Four
5  Hundred Twenty-Nine Dollars and Forty Cents ($429.40).
6    3. Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights
7  under federal or state law in the following copyrighted sound recordings:

- "You," on album "Candlebox," by artist "Candlebox" (SR# 171-393);
- "Farewell Party," on album "Under The Influence," by artist "Alan Jackson" (SR# 303-828);
- "Don't Ask Me Why," on album "Glass Houses," by artist "Billy Joel" (SR# 17-630);
- "Life Or Love," on album "When Somebody Loves You," by artist "Alan Jackson" (SR# 289-367);
- "Like The Rain," on album "Greatest Hits," by artist "Clint Black" (SR# 227-957);
- "Dallas," on album "Don't Rock the Jukebox," by artist "Alan Jackson" (SR# 138-302);
- "Blue Eyes," on album "Jump Up," by artist "Elton John" (SR# 35-166);
- "Stop In Nevada," on album "Piano Man," by artist "Billy Joel" (SR# N-12214);
- "Love She Can't Live Without," on album "D' Lectrified," by artist "Clint Black" (SR# 270-778);
- "Chasin' That Neon Rainbow," on album "Here in the Real World," by artist "Alan Jackson" (SR# 120-465);
- "Still Holding On," on album "Evolution," by artist "Martina McBride"

(SR# 240-332); and in any other sound recording, whether now in experience or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) and of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant shall also destroy all copies of Plaintiffs' Recordings that defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

IT IS SO ORDERED.

Dated: January 25, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge